**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **USA** | § | |
| | § | |
| **vs.** | § | **NO: EP:26-CR-02088(1)-KC** |
| | § | |
| **(1) WILLIAM ERNESTO MORALES-MARTINEZ** | § | |
| | § | |

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE UPON DEFENDANT'S PLEA OF GUILTY**

On this 3rd day of September, 2026, the Defendant and counsel appeared before the Court. After being admonished as required by Rule 11, Fed. R. Crim. P., the Defendant pled guilty to Count One of the Indictment charging him with Illegal Re-Entry, in violation of Title 8 U.S.C. § 1326(a), pursuant to a Plea Agreement.

Accordingly, the Court makes the following findings:

1. The Defendant has consented to the entry of a guilty plea before a Magistrate Judge, subject to final approval and sentencing by the presiding United States District Judge.
2. The Defendant fully understands the oath and the consequences of failing to tell the truth at the plea hearing.
3. The Defendant fully understands the right to plead "not guilty" and to be tried by a jury.
4. The Defendant fully understands the right to be represented by counsel at trial and at every other stage of the proceeding.
5. The Defendant fully understands the right to a trial and that if the Defendant were

to elect to go to trial, the Defendant would have the right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

6. The Defendant fully understands that if the guilty plea is accepted, there will not be a trial in this case.

7. The Defendant fully understands the nature of the charge, the immigration consequences, and the maximum possible penalties, including any imprisonment, applicable mandatory minimum penalties, fine, term of supervised release, as well as any forfeiture or restitution. The defendant also understands the court's obligation to impose a special assessment.

8. The Defendant fully understands that in determining sentence, the sentencing court will consider the applicable Sentencing Guidelines, including any departures that might be applicable, as well as the sentencing factors under 18 U.S.C. § 3553(a). The Defendant also fully understands that although the sentencing court will consider the applicable sentencing guidelines, they are advisory in nature.

9. The Defendant fully understands the terms of the Plea Agreement. The Defendant also fully understands that in the Plea Agreement, the Defendant has waived the right to appeal or collaterally attack the sentence or conviction to be imposed by the District Judge. The Defendant also understands that, if the court does not follow or apply any recommended or requested sentencing adjustments contained in the Plea Agreement, the Defendant will have no right to withdraw the plea of

guilty.

10. The Defendant's plea was not induced by any promises, other than those set forth in the Plea Agreement, and the Defendant's plea was not induced by any threats, force or threats of force.

11. The Defendant acknowledged that defense counsel explained the immigration consequences of the plea of guilty.

12. The Defendant is competent to enter a plea.

13. The Defendant's plea is made freely, knowingly, and voluntarily.

14. There is a factual basis to support the plea of guilty.

**RECOMMENDATION**

Based on the foregoing, it is recommended to the district judge that the Defendant's plea of guilty be accepted and that a judgment of guilt be entered.

**SIGNED** and **ENTERED** this 3rd day of September, 2026.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE FINDINGS AND RECOMMENDATION CONTAINED IN THE FOREGOING REPORT, PRIOR TO SENTENCING, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW OF SUCH FACTUAL FINDINGS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT JUDGE.**